1
2
3
4
5
6
7

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 KATHY LAUGHLIN,                    No. CIV S-10-3179-CMK

12              Plaintiff,

13      vs.                           <u>MEMORANDUM OPINION AND ORDER</u>

14 COMMISSIONER OF SOCIAL
   SECURITY,
15
               Defendant.
16
   _____/
17

18              Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19 review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20 Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

21 judge for all purposes, including entry of final judgment.  <u>See</u> 28 U.S.C. § 636(c).  Pending

22 before the court are plaintiff's motion for summary judgment (Doc. 20) and defendant's cross-

23 motion for summary judgment (Doc. 26).

24 / / /

25 / / /

26 / / /

                                          1

# I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on January 11, 2006.  In the application, plaintiff claims that disability began on December 26, 2005.  Plaintiff claims that disability is caused by a combination of degenerative disc disease, osteoarthritis, polyarthralgia, stage 2 fibrosis of the liver, bipolar disorder, depression, and Hepatitis C.  Plaintiff claims these impairments give rise to ". . . multiple symptoms, including chronic pain, numbness and tingling in the arms, lift/carry/reach limitations, manipulative limitations, migraine headaches, anxiety, the need to shift positions at will, the need to lie down almost every day for an hour or more." Plaintiff adds that she ". . . suffers from markedly impaired concentration, persistence, and pace; markedly impaired ability to deal with the public, supervisors, and co-workers; and markedly [limited] ability to deal with work stresses."  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on May 7, 2008, before Administrative Law Judge ("ALJ") Mark C. Ramsey.   In a July 14, 2008, partially favorable decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1.    At all relevant times, the claimant has had the following severe impairments: Hepatitis C, degenerative disc disease of the cervical spine, and depression;

2.    From December 29, 2005, through April 1, the claimant did not have an impairment or combination of impairments that met or medically equaled an impairment listed in the regulations;

3.    From December 29, 2005, through April 1, 2008, the claimant had the residual functional capacity to perform unskilled sedentary work except that she would require frequent unscheduled rest breaks and would likely miss four or more days of work per month due to fatigue from her impairments;

4.    From December 29, 2005, through April 1, 2008, considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed;

5.    The claimant was disabled from December 29, 2005, through April 1, 2008;

6.      As of April 2, 2008, medical improvement related to the claimant's ability to work occurred and, as a result, plaintiff's disability ended;

7.      Beginning April 2, 2008, the claimant has not had an impairment or combination of impairments that meets or medical equals one of the impairments listed in the regulations;

8.      Beginning on April 2, 2008, the claimant has had the residual functional capacity to perform a full range of unskilled work except that she should not work in an environment with concentrated levels of dust or fumes; and

9.      Beginning on April 2, 2008, the claimant has been capable of performing her past relevant work as a cashier.

After the Appeals Council declined review on September 24, 2010, this appeal followed.


## II.  SUMMARY OF THE EVIDENCE

As indicated above, the ALJ found that plaintiff was disabled for a period of time through April 1, 2008, but that for the period beginning April 2, 2008, plaintiff had improved and was no longer disabled.  Thus, the only relevant evidence in this case is evidence of plaintiff's medical condition and functional limitations, if any, as of April 2, 2008, and after.  For this period, the ALJ noted:  "The record contains no medical opinion evidence for the period beginning April 2, 2008, or later."[1]


## III.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to

---

[1]      While the record does contain third-party lay witness statements from April 10, 2008, and April 22, 2008, these are not relevant in that plaintiff does not challenge the ALJ's assessment of this evidence.

1  support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971).  The record as a whole,

2  including both the evidence that supports and detracts from the Commissioner's conclusion, must

3  be considered and weighed.  <u>See</u> <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986); <u>Jones</u>

4  <u>v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's

5  decision simply by isolating a specific quantum of supporting evidence.  <u>See</u> <u>Hammock v.</u>

6  <u>Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative

7  findings, or if there is conflicting evidence supporting a particular finding, the finding of the

8  Commissioner is conclusive.  <u>See</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

9  Therefore, where the evidence is susceptible to more than one rational interpretation, one of

10  which supports the Commissioner's decision, the decision must be affirmed, <u>see</u> <u>Thomas v.</u>

11  <u>Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

12  standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th

13  Cir. 1988).

14

15                            **IV.  DISCUSSION**

16            In her motion for summary judgment, plaintiff argues: (1) the ALJ rejected the

17  opinions of her treating physician without legitimate reasons for doing so; (2) the ALJ failed to

18  develop the record; and (3) the ALJ improperly rejected her testimony as not credible.

19       **A.       Evaluation of Medical Opinions**

20            The weight given to medical opinions depends in part on whether they are

21  proffered by treating, examining, or non-examining professionals.  <u>See</u> <u>Lester v. Chater</u>, 81 F.3d

22  821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating

23  professional, who has a greater opportunity to know and observe the patient as an individual,

24  than the opinion of a non-treating professional.  <u>See</u> <u>id.</u>; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285

25  (9th Cir. 1996); <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given

26  to the opinion of a non-examining professional.  <u>See</u> <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 & n.4

1    (9th Cir. 1990).

2          In addition to considering its source, to evaluate whether the Commissioner

3    properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are

4    in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an

5    uncontradicted opinion of a treating or examining medical professional only for "clear and

6    convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.

7    While a treating professional's opinion generally is accorded superior weight, if it is contradicted

8    by an examining professional's opinion which is supported by different independent clinical

9    findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035,

10   1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be

11   rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester,

12   81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of

13   the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a

14   finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and

15   legitimate reasons, the Commissioner must defer to the opinion of a treating or examining

16   professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional,

17   without other evidence, is insufficient to reject the opinion of a treating or examining

18   professional.  See id. at 831.  In any event, the Commissioner need not give weight to any

19   conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111,

20   1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion);

21   see also Magallanes, 881 F.2d at 751.

22         As to opinions of plaintiff's treating physician – Dr. Mehton – the ALJ stated:

23   In September 2007, Nimal Mehton, M.D., completed a medical source
     statement showing that the claimant was unable to perform even a limited
24   range of sedentary work on a full time basis.  Dr. Mehton indicated that
     the claimant could lift less than 10 pounds; sit, stand, or walk no more
25   than 15 minutes at a time; and was significantly limited in the use of her
     hands for manipulative activities.  Dr. Mehton also stated that the claimant
26   would miss more than four days of work per month due to her

impairments (Exhibit 16F).

* * *

Dr. Mehton completed a mental medical source statement in October 2007 stating that the claimant's mental impairments resulted in marked or extreme limitations in most areas of mental work-related functioning (Exhibit 17F).

* * *

As for the opinion evidence, the undersigned gives substantial weight to the opinion provided by Dr. Mehton regarding the claimant's physical limitations to the degree that they reflect the claimant's fatigue and need for frequent rest breaks.  However, the record does not reflect findings that would necessitate the limitations in sitting or use of the upper extremities that Dr. Mehton assessed.

* * *

The opinion provided by Dr. Mehton that the claimant had marked to extreme limitations in mental functioning is rejected because there are no objective findings to support such extreme allegations.  The allegations are also inconsistent with the treatment record which does not show this level of mental impairment.  It is inconsistent with the fact that the claimant has had no mental health treatment other than medication and has not required emergency room treatment or hospitalization due to a psychiatric problem.

It should be noted that this entire discussion was presented in the context of the ALJ's evaluation of the period prior to April 2, 2008, during which plaintiff was found to be disabled.  As to the period beginning April 2, 2008, the ALJ noted: "The record contains no medical opinion evidence for the period beginning April 2, 2008, or later."

The issue in this case is whether plaintiff's physical and mental conditions improved by April 2, 2008, such that she was no longer disabled as of that date.  Plaintiff appears to argue that the ALJ erred by rejecting certain portions of Dr. Mehton's opinion in making his disability determination for the period prior to April 2, 2008.  Plaintiff also argues more clearly that the ALJ erred by not considering Dr. Mehton's September and October 2007 opinions for the period beginning April 2, 2008.  The court rejects both claims of error because, as the ALJ noted, the rejected opinions are not supported by objective findings.  Furthermore, As to the period prior to April 2, 2008, plaintiff was found disabled.  Thus, any arguments that the ALJ erred with

1   respect to this period are out of place.  As to the period <u>after</u> April 2, 2008, the ALJ properly

2   discounted Dr. Mehton's earlier opinions as not relevant to the latter time period.

3          **B.      Duty to Develop the Record**

4                  The ALJ has an independent duty to fully and fairly develop the record and assure

5   that the claimant's interests are considered.  <u>See</u> <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th

6   Cir. 2001).  When the claimant is not represented by counsel, this duty requires the ALJ to be

7   especially diligent in seeking all relevant facts.  <u>See</u> <u>id.</u>  This requires the ALJ to "scrupulously

8   and conscientiously probe into, inquire of, and explore for all the relevant facts."  <u>Cox v.</u>

9   <u>Califano</u>, 587 F.2d 988, 991 (9th Cir. 1978).   Ambiguous evidence or the ALJ's own finding that

10  the record is inadequate triggers this duty.  <u>See</u>  <u>Tonapetyan</u>, 242 F.3d at 1150.  The ALJ may

11  discharge the duty to develop the record by subpoenaing the claimant's physicians, submitting

12  questions to the claimant's physicians, continuing the hearing, or keeping the record open after

13  the hearing to allow for supplementation of the record.  <u>See</u> <u>id.</u> (citing <u>Tidwell v. Apfel</u>, 161 F.3d

14  599, 602 (9th Cir. 1998)).

15                  Plaintiff argues:

16                  . . . Given the age of agency physician Dr. Dann's RFC assessment
                [in May 2006], the change in her hepatitis C status, and her worsening
17              degenerative disc disease and related symptoms, it was imperative that the
                ALJ fulfill his duty to develop the record.
18

19  According to plaintiff, the ALJ should have obtained a recent residual functional capacity

20  assessment, and should have re-contacted plaintiff's treating physicians.  The court does not

21  agree.  As indicated above, the duty to develop the record arises when the existing record is

22  either inadequate or ambiguous.  In this case, the record the ALJ reviewed was neither.  In

23  particular, as to the relevant period, plaintiff failed to provide any records of objective findings

24  and accompanying medical opinions.  Had the plaintiff provided medical opinion evidence which

25  was ambiguous or inadequate given the remainder of the record, the ALJ's duty to further

26  develop the record would have been triggered.  Here, however, the plaintiff failed in her initial

1    burden of providing the agency with evidence of disability.

2    **C.    Plaintiff's Credibility**

3            The Commissioner determines whether a disability applicant is credible, and the

4    court defers to the Commissioner's discretion if the Commissioner used the proper process and

5    provided proper reasons.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).  An explicit

6    credibility finding must be supported by specific, cogent reasons.  See Rashad v. Sullivan, 903

7    F.2d 1229, 1231 (9th Cir. 1990).  General findings are insufficient.  See Lester v. Chater, 81 F.3d

8    821, 834 (9th Cir. 1995).  Rather, the Commissioner must identify what testimony is not credible

9    and what evidence undermines the testimony.  See id.  Moreover, unless there is affirmative

10   evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not

11   credible must be "clear and convincing."  See id.; see also Carmickle v. Commissioner, 533 F.3d

12   1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007),

13   and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

14           If there is objective medical evidence of an underlying impairment, the

15   Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely

16   because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d

17   341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in Smolen v. Chater:

18               The claimant need not produce objective medical evidence of the
             [symptom] itself, or the severity thereof.  Nor must the claimant produce
19           objective medical evidence of the causal relationship between the
             medically determinable impairment and the symptom.  By requiring that
20           the medical impairment "could reasonably be expected to produce" pain or
             another symptom, the Cotton test requires only that the causal relationship
21           be a reasonable inference, not a medically proven phenomenon.

22           80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in
             Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

23

24   / / /

25   / / /

26   / / /

1    The Commissioner may, however, consider the nature of the symptoms alleged,

2    including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell,

3    947 F.2d at 345-47.  In weighing credibility, the Commissioner may also consider: (1) the

4    claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent

5    testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a

6    prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5)

7    physician and third-party testimony about the nature, severity, and effect of symptoms.  See

8    Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the

9    claimant cooperated during physical examinations or provided conflicting statements concerning

10   drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the

11   claimant testifies as to symptoms greater than would normally be produced by a given

12   impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See

13   Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

14   Regarding reliance on a claimant's daily activities to find testimony of disabling

15   pain not credible, the Social Security Act does not require that disability claimants be utterly

16   incapacitated.  See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989).  The Ninth Circuit has

17   repeatedly held that the   ". . . mere fact that a plaintiff has carried out certain daily activities . . .

18   does not . . .[necessarily] detract from her credibility as to her overall disability."  See Orn v.

19   Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th

20   Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a

21   claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic

22   restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the

23   claimant was entitled to benefits based on constant leg and back pain despite the claimant's

24   ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home

25   activities are not easily transferable to what may be the more grueling environment of the

26   workplace, where it might be impossible to periodically rest or take medication").   Daily

1   activities must be such that they show that the claimant is ". . .able to spend a substantial part of

2   his day engaged in pursuits involving the performance of physical functions that are transferable

3   to a work setting." <u>Fair</u>, 885 F.2d at 603.  The ALJ must make specific findings in this regard

4   before relying on daily activities to find a claimant's pain testimony not credible.  <u>See</u> <u>Burch v.</u>

5   <u>Barnhart</u>, 400 F.3d 676, 681 (9th Cir. 2005).

6              As to plaintiff's credibility, the ALJ stated:

7              During this period [beginning April 2, 2008] the claimant continued to
               complaint of neck pain.  She stated that it worsened after going off
8              interferon.  She said that she continues to have nausea and occasional
               vomiting and diarrhea.  But, this is primarily in the first two hours of the
9              morning.  However, she said that she was no longer bedridden as she had
               been when she was on interferon.  She continued to have problems with
10             depression and anxiety.

11                              * * *

12             After considering the evidence of record, the undersigned finds that the
               claimant's medically determinable impairments could reasonably be
13             expected to produce the alleged symptoms; however, the claimant's
               statements concerning the intensity, persistence, and limiting effects of
14             these symptoms, as well as the statements by third party sources, are not
               credible beginning on April 2, 2008, to the extent they are inconsistent
15             with the residual functional capacity assessment for the reasons explained
               below.
16
               As noted above, the claimant's conditions had stabilized by April 2, 2008.
17             The claimant's allegations of worsening neck pain are not supported by
               any documentary evidence.  Her allegations of more restrictive mental
18             limitations are not supported by any clinical findings of record.  It is also
               noted that the claimant herself suggested that she is not as fatigued or
19             disabled now that the interferon treatment has stopped, because she is no
               longer bedridden.
20

21   From this it is clear the ALJ's credibility finding was based on his conclusion that plaintiff's

22   testimony of debilitating symptoms is unsupported by objective findings.  Specifically, as to

23   plaintiff's physical limitations, the ALJ stated that plaintiff's ". . . allegations . . . are not

24   supported by any documentary evidence."  Similarly, as to mental limitations, the ALJ stated that

25   ". . . more restrictive mental limitations are not supported by any clinical findings of record."  It

26   thus appears that the ALJ rejected plaintiff's testimony for the sole reason that he felt the

                                        10

1  testimony was not supported by the record.  Without more, this is an improper basis to reject a

2  claimant's testimony.  In his opposition brief, defendant notes that plaintiff's mental impairments

3  were under control after April 2, 2008, with medication.  The ALJ, however, did not cite this is a

4  reason for rejecting plaintiff's testimony.  Thus, this court has no way of knowing whether or not

5  the ALJ in fact relied on this reason.  The court cannot review findings that were never made.

6  The court will remand this matter for further consideration of plaintiff's testimony.

7

8                              **V.  CONCLUSION**

9              For the foregoing reasons, this matter will be remanded under sentence four of 42

10 U.S.C. § 405(g) for further development of the record and/or further findings addressing the

11 deficiencies noted above.

12             Accordingly, IT IS HEREBY ORDERED that:

13             1.       Plaintiff's motion for summary judgment (Doc. 20) is granted;

14             2.       The Commissioner's cross motion for summary judgment (Doc. 26) is

15 denied;

16             3.       This matter is remanded for further proceedings consistent with this order;

17 and

18             4.       The Clerk of the Court is directed to enter judgment and close this file.

19

20  DATED:  March 27, 2012

21

22                                                   CRAIG M. KELLISON
                                                     UNITED STATES MAGISTRATE JUDGE

23

24

25

26